## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GENERAL MILL SUPPLIES, INC.**                    **CIVIL ACTION**

**VERSUS**                                         **NO. 23-6464**

**UNDERWRITERS AT LLOYD'S, LONDON, et al.**        **SECTION: "G"(4)**

## ORDER AND REASONS

Before the Court is Defendants Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company's (collectively "Defendants") Motion to Compel Arbitration and Stay Proceedings.[1] Defendants argue that Plaintiff's claims are subject to arbitration pursuant to the parties' insurance policy which Defendants argue falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention").[2] In opposition, Plaintiff General Mill Supplies, Inc. ("Plaintiff") argues that the Convention does not mandate arbitration in this instance.[3] Considering the motion, the opposition, the reply memorandum, the appliable law, and the record, the Court grants the motion and stays these proceedings.

---

[1] Rec. Doc. 6.

[2] *Id.*

[3] Rec. Doc. 8.

# I. Background

Plaintiff is the owner of the properties located at 751 Hill Street, Jefferson, Louisiana 70121; 2620 Engineers Road, Belle Chasse, Louisiana 70037; and 1889 Bayou Blue Road, Houma, Louisiana.[4] It is alleged that said properties were damaged as a result of Hurricane Ida on or around August 29, 2021.[5] Plaintiff's properties were insured by Defendants at the time the damages were sustained.[6] Plaintiff submits that it reported its losses to Defendants who assigned a single claim number to all of the properties.[7] Plaintiff asserts that the properties were inspected, and the inspection of the properties constituted "satisfactory proof of loss."[8] Plaintiff was paid insurance proceeds in the amounts of $102,133.37, $51,927.43, and $141,152.36 for its properties respectively.[9] The properties were inspected a second time, and Plaintiff was allowed to submit supplements for each of the properties.[10] Plaintiff contends it remained unable to make meaningful repairs to the properties with the "meager proceeds."[11] Plaintiff then hired Frontline Public Adjusting, LLC ("Frontline") to inspect the properties, and thereafter sent a demand for the release

---

[4] Rec. Doc. 1-1 at 3.

[5] *Id.* at 4.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 5.

[11] *Id.*

of unconditional tenders to Defendants, along with the Frontline estimates.[12] Defendants rejected the proof of loss.[13] Plaintiff submits that it has not received any additional insurance proceeds.[14]

On August 23, 2023, Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson.[15] On October 23, 2023, Defendants removed the matter to this Court.[16] On October 30, 2023, Defendants filed the instant Motion to Compel Arbitration and Stay Proceedings.[17] On November 6, 2023, Plaintiff filed an opposition to the motion.[18] On November 16, 2023, Defendants filed a reply memorandum in further support of the motion.[19]

## II. Parties' Arguments

### A. Defendants' Arguments in Support of the Motion

Defendants argue that Plaintiff's claims are subject to mandatory arbitration pursuant to the arbitration agreement contained in the insurance policy at issue.[20] Defendants contend that since the arbitration agreement falls under the treaty, known as the Convention, arbitration must be compelled.[21] Defendants submit that all four criteria for compelling arbitration are satisfied

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 6.

[15] Rec. Doc. 1-1.

[16] Rec. Doc. 1.

[17] Rec. Doc. 6.

[18] Rec. Doc. 8.

[19] Rec. Doc. 11.

[20] Rec. Doc. 6-1 at 1.

[21] *Id.* at 2.

since: (1) there is a written agreement to arbitrate, (2) the agreement provides for arbitration in a signatory nation, (3) the arbitration agreement arises from a commercial legal relationship, and (4) some Defendants are not American citizens.[22] Defendants contend that the "null and void" exception does not apply to the instant contract to arbitrate.[23]

Defendants asserts that the delegation clause of the arbitration agreement requires that all issues regarding the formation and scope of the agreement be reserved for the arbitration panel.[24] Defendants aver that the delegation clause is broad, encompassing "all matters in difference."[25]

Defendants argue that all Defendants, whether domestic or foreign, are entitled to enforce the arbitration clause under the Convention, and Plaintiff is equitably estopped from objecting to the arbitration where all Defendants have acted in concert in evaluating and adjusting Plaintiff's insurance claims.[26] Defendants submit that the Complaint alleges that Defendants acted "without differentiation" which warrants the application of equitable estoppel.[27]

Defendants argue that state law does not prevent enforcement of the arbitration clause since the McCarran-Ferguson Act only applies to acts of Congress, while the Convention is a United

---

[22] *Id.* at 6–8.

[23] *Id.* at 8.

[24] *Id.* at 9.

[25] *Id.*

[26] *Id.* at 10.

[27] *Id.* at 14.

States ratified treaty.[28] As such, Defendants assert that the Convention supersedes the McCarran-Ferguson Act.[29]

**B.      *Plaintiff's Argument in Opposition to the Motion***

Plaintiff argues that under 9 U.S.C. § 202, the Convention is inapplicable to any contract between Plaintiff, a domestic corporation, and any of the domestic carriers.[30] Plaintiff contends that the policy is comprised of eleven separate contracts, there are individual policy numbers as to each insurer, and a separate premium is paid to each insurer.[31] To that end, Plaintiff asserts that the domestic carriers are not subject to the Convention.[32]

Plaintiff contends that equitable estoppel is not applicable.[33] Applying the factors set forth in *Grigson v. Creative Artists Agency, LLC,*[34] Plaintiff submits that its claims against the domestic carriers do not rely on the existence of Plaintiff's contracts with the foreign insurers, and Defendants obligations to Plaintiff are several in nature.[35] Thus, Plaintiff contends that the Convention does not apply.[36]

---

[28] *Id.* at 16.

[29] *Id.*

[30] Rec. Doc. 8 at 5.

[31] *Id.* at 6.

[32] *Id.*

[33] *Id.* at 8.

[34] 210 F.3d 524, 527 (5th Cir. 2000).

[35] Rec. Doc. 8 at 9.

[36] *Id.* at 10.

Plaintiff argues that following the enactment of the McCarran-Ferguson Act, Louisiana Revised Statute § 22:868 serves to "reverse-preempt" the Federal Arbitration Act ("FAA") and renders void arbitration provisions in insurance contracts.[37] As such, Plaintiff avers that the policy's arbitration clause is unenforceable, invalid, and unconstitutional.[38] Plaintiff asserts that Louisiana Revised Statute § 22:868 also renders the policy's choice of law provisions invalid.[39] Plaintiff contends that the arbitration clause is invalid because it deprives Louisiana courts of jurisdiction over the action.[40]

Plaintiff argues that the delegation clause in the policy is not broad.[41] Plaintiff contends that the language of the delegation clause does not grant an arbitrator authority to rule on his/her own jurisdiction to make decisions related to the applicability of the arbitration clause.[42]

Plaintiff asserts that Louisiana's conflict of laws principles should be applied here.[43] Plaintiff contends that Louisiana is the state with the most significant contacts to the parties, properties at issue, and the state whose policies would be most seriously impaired.[44]

---

[37] *Id.* at 10.

[38] *Id.* at 12.

[39] *Id.*

[40] *Id.* at 13–15.

[41] *Id.* at 15.

[42] *Id.* at 16.

[43] *Id.* at 17.

[44] *Id.* at 18.

Plaintiff argues that enforcement of the arbitration clause would offend Plaintiff's Due Process rights.[45] Plaintiff contends that the insurance contracts were not "freely negotiated."[46] Plaintiff avers that it had no opportunity for negotiation as it was required to either accept or reject the rate and provisions presented.[47] Plaintiff avers that it has established no meaningful contacts, ties, or relations to New York, the choice of law forum provided for in the policy.[48]

Plaintiff asserts that if arbitration is deemed appropriate, it should take place in Louisiana, applying Louisiana law.[49] Plaintiff contends that Louisiana Revised Statute § 22:868 prohibits insurance contract provisions that would deprive Louisiana courts of jurisdiction.[50] Plaintiff submits that this statute applies to surplus line policies since they are subject to approval by the Louisiana Department of Insurance.[51]

### C.    *Defendants' Arguments in Further Support of the Motion*

Defendants contend that Plaintiff's arguments for application of Louisiana law and for the arbitration to be held in Louisiana are improper before this Court.[52] Defendants assert that after the Court conducts its limited inquiry, all other matters are delegated to the Arbitration Tribunal

---

[45] *Id.* at 19.

[46] *Id.* at 20.

[47] *Id.*

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.* at 23.

[52] Rec. Doc. 11 at 2.

by the broad delegation clause.[53] Defendants submit that the language of the delegation clause covering "all matters in difference" have been recognized by this Court.[54]

Defendants argue that the Contract Allocation Endorsement is similar to that in *Port Cargo Serv., LLC*[55] in which the Court held that the plaintiff's claims against the signatories and nonsignatories were substantially interdependent and warranted equitable estoppel.[56] Defendants contend that the Complaint included dozens of allegations of collective and interrelated misconduct against the Defendants which invokes equitable estoppel.[57]

Defendants argue that the Convention is not reverse-preempted by state law, and Plaintiff is aware of this because its counsel has been repeatedly informed of the fact.[58] Defendants contend that the Convention supersedes Louisiana Revised Statute § 22:868 in its entirety, including any prohibition or venue and forum clauses.[59] Defendants aver that none of the cases cited by Plaintiff arose under the Convention and did not address the Convention superseding state law.[60]

---

[53] *Id.*

[54] *Id.*

[55] *Port Cargo Serv., LLC v. Certain Underwriters at Lloyd's London,* No. CV 18-6192, 2018 WL 4042874 (E.D. La. Aug. 24, 2018).

[56] Rec. Doc. 11 at 3.

[57] *Id.* at 6.

[58] *Id.* at 7.

[59] *Id.*

[60] *Id.*

Defendants argue that the arbitration clause does not offend Due Process.[61] Defendants contend that Plaintiff presents no evidence that the arbitration agreement was not freely negotiated.[62] Defendants submit that the parties should be ordered to arbitration.

### III. Legal Standard

In 1958, the United Nations Economic and Social Council adopted the Convention.[63] In 1970, the United States acceded to the treaty (the "Convention Act"), which was subsequently implemented by Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 201 *et seq.*[64] Article II(1) of the Convention requires contracting states, including the United States, to recognize certain written arbitration agreements. It states:

> Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.

Section 201 of the FAA provides that the Convention shall be enforced in United States courts.[65] The Supreme Court has stated that "[t]he goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the

---

[61] *Id.*

[62] *Id.* at 8.

[63] *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1262 (11th Cir. 2011).

[64] *Id.*

[65] 9 U.S.C. § 201 ("The Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, shall be enforced in United States courts in accordance with this chapter.").

standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[66]

The Convention Act provides that "[a] court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States."[67] In applying the Convention, the Fifth Circuit has held that "courts conduct only a very limited inquiry."[68] Under this inquiry, a court should compel arbitration if (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen.[69] Once these requirements are met, the Convention requires the district court to order arbitration, "unless it finds that the said agreement is null and void, inoperative or incapable of being performed."[70]

## IV. Analysis

As stated above, this Court must conduct a "very limited inquiry" to determine if it's proper to compel arbitration in this matter. Under this inquiry, a court should compel arbitration if (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration

---

[66] *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 520 n.15 (1974).

[67] 9 U.S.C. § 206.

[68] *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004).

[69] *Id.*

[70] *Id.*

in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen.[71]

First, the insurance policy in question includes an agreement in writing to arbitrate the dispute.[72] The arbitration agreement provides that the parties shall arbitrate "all matters in difference" between them.[73] Next, the agreement provides for arbitration in New York, which is part of the United States, a Convention signatory nation. Third, the agreement relates to insurance, and thus, arises out of a commercial relationship.[74] Lastly, multiple Defendants, including Certain Underwriters at Lloyd's, London and HDI Global Specialty SE, are citizens of foreign nations. Accordingly, the four elements have been satisfied. Once these requirements are met, the Convention requires the district court to order arbitration, "unless it finds that the said agreement is null and void, inoperative or incapable of being performed."[75] Plaintiff does not dispute that the aforementioned elements have been met. Instead, Plaintiff argues that the arbitration clause is unenforceable for several reasons which the Court will address in turn.

---

[71] *Id.*

[72] Rec. Doc. 6-2 at 3.

[73] *Id.*

[74] *See Port Cargo Serv., LLC v. Certain Underwriters at Lloyd's London*, 2018 WL 4042874 (E.D. La. Aug. 24, 2018).

[75] *Id.*

**A.      *Whether the Insurance Contract was "Freely Negotiated"***

Plaintiff argues that enforcement of the arbitration agreement would offend Plaintiff's Due Process rights since the insurance contracts were not "freely negotiated."[76] Plaintiff contends that it had no opportunity for negotiation since it was provided with the rate and provisions and was required to either accept or reject.[77] This Court disagrees. In *Georgetown*,[78] like the instant matter, the court concluded that, "the relative bargaining strength of the parties was not unequal" and "Plaintiff was not forced to agree to the terms of the arbitration agreement. It could have avoided arbitration by not engaging the Underwriters services of negotiating for the removal of the arbitration provision."[79] Likewise, Plaintiff here could have rejected the insurance contract or negotiated for the removal of the arbitration provision. As such, the Court rejects Plaintiff's argument.

**B.      *Whether the Convention is Applicable to Domestic Carriers***

Plaintiff argues that under 9 U.S.C. § 202, "[a]ny agreements arising out of a relationship between citizens of the United States shall not be deemed to fall under the Convention,"[80] and thus, the Convention does not apply to the domestic carriers subject to the insurance policy. This is an incomplete reading of the statute. 9 U.S.C. § 202 provides in pertinent part, "An agreement or award arising out of such a relationship which is *entirely* between citizens of the United States

---

[76] Rec. Doc. 8 at 19.

[77] *Id.*

[78] *Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. CV 20-102-JWD-SDJ, 2021 WL 359735, (M.D. La. Feb. 2, 2021).

[79] *Id.* at 13.

[80] Rec. Doc. 8 at 5.

shall be deemed not to fall under the Convention"[81] Here, this arbitration agreement is not entirely between citizens of the United States as several carriers are not American citizens. Thus, the plain language of 9 U.S.C. § 202 indicates that the Convention does apply to the domestic carriers subject to the insurance policy.

Plaintiff argues that under 9 U.S.C. § 202, the Convention is inapplicable to any contract between Plaintiff, a domestic corporation, and any of the domestic carriers.[82] Plaintiff contends that the policy is comprised of eleven separate contracts, there are individual policy numbers as to each insurer, and a separate premium is paid to each insurer.[83] To that end, Plaintiff asserts that the domestic carriers are not subject to the Convention.[84]

Defendants argues that Plaintiff is equitably estopped from objecting to arbitration because Plaintiff fails to differentiate the actions of the foreign carriers and domestic carriers.[85] On the other hand, Plaintiff contends that equitable estoppel is not applicable.[86] Applying the factors set forth in *Grigson v. Creative Artists Agency, LLC,*[87] Plaintiff submits that its claims against the domestic carriers do not rely on the existence of Plaintiff's contracts with the foreign insurers, and

---

[81] 9 U.S.C. § 202 (emphasis added).

[82] Rec. Doc. 8 at 5.

[83] *Id.* at 6.

[84] *Id.*

[85] Rec. Doc. 6-1 at 12.

[86] *Id.* at 8.

[87] 210 F.3d 524, 527 (5th Cir. 2000).

Defendants obligations to Plaintiff are several in nature.[88] Thus, Plaintiff contends that the Convention does not apply.[89]

Even if Plaintiff's agreement with the domestic carriers are not covered by the Convention, the Fifth Circuit has held that "in certain limited instances, pursuant to an equitable estoppel doctrine, a nonsignatory-to-an-arbitration-agreement-defendant can nevertheless compel arbitration against a signatory-plaintiff."[90] This form of estoppel applies "when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract."[91] The Fifth Circuit explained that "[o]therwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted."[92]

Here, the Petition contains repeated allegations of substantially interdependent and concerted misconduct, and makes all allegations against all Defendants, including both foreign and domestic carriers.[93] In *City of Kenner v. Certain Underwriters at Lloyd's, London*, another court in the Eastern District of Louisiana applied the doctrine of equitable estoppel where the plaintiff alleged that the defendants " 'collectively' insured the property ... [and] received proof of

---

[88] Rec. Doc. 8 at 9.

[89] *Id.* at 10.

[90] *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000).

[91] *Id.* at 527 (quoting *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999)) ("We agree with the intertwined-claims test formulated by the Eleventh Circuit.").

[92] *Id.*

[93] *See generally* Rec. Doc. 1-1.

loss but [ ] failed to pay out on the damage," thus breaching their duty of good faith.[94] Likewise, Plaintiff alleges that Defendants collectively insured the policy, received Plaintiff's insurance claim, refused to tender any payment for the damage, and, in doing so, breached the Policy in bad faith.[95] Therefore, Plaintiff fails to differentiate between the conduct of the foreign and domestic carriers. Accordingly, application of equitable estoppel is warranted.

### C.   *McCarran-Ferguson Act & Reverse Preemption*

Plaintiff argues that the McCarran-Ferguson Act, in conjunction with Louisiana Revised Statute § 22:868, reverse preempts the FAA and voids the insurance policy arbitration agreement. "Although Louisiana law ordinarily prohibits enforcement of arbitration clauses concerning insurance disputes, the Fifth Circuit has held that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 9 U.S.C. §§ 201–09, supersedes state law."[96] "The McCarran-Ferguson Act permits states to reverse-preempt an otherwise applicable 'Act of Congress' by enacting their own regulations of the insurance industry."[97] However, the McCarran-Ferguson Act does not apply to "a treaty, such as the Convention, which 'remains an international agreement or contract negotiated by the Executive Branch and ratified by the Senate, not by Congress.'"[98] Therefore, the Convention Act is not reverse-preempted by state law, and

---

[94] No. 21-2064, 2022 WL 307295, at *3 (E.D. La. Feb. 2, 2022) (internal citations omitted).

[95] Rec. Doc. 1-1 at 6 – 12.

[96] *See McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 431–32 (5th Cir. 2019), *as revised* (June 6, 2019).

[97] *Id.*

[98] *Id.* at 432 (quoting *Safety Nat. Cas, Corp. v. Certain Underwriters at Lloyd's London*, 587 F.3d 714, 723 (5th Cir. 2009)).

arbitration provisions that fall under the Convention Act are enforceable in Louisiana.[99] The Court finds that the Fifth Circuit's holding in *Safety National* is dispositive of this issue. As such, the Court rejects Plaintiff's argument.

## D.    Venue and Choice of Law Arguments

Plaintiff argues that if this Court compels arbitration, it should take place in Louisiana, applying Louisiana law.[100] However, Plaintiff identifies no reason why these objections cannot be made to the arbitrator.[101] Any claim that "essentially goes to the procedure of arbitration" is best left for the arbitration panel itself, not a court.[102] Because a finding on any of these issues would not operate to bar arbitration altogether, the Court has no role in enforcing these procedural requirements. As such, the Court will refrain from addressing these issues.

## E.    Stay of Proceedings

In light of the fact that there's a strong presumption in favor of enacting arbitration provisions, and Plaintiff has failed to show that the arbitration agreement is unenforceable, the Court is obliged to order the parties to arbitration.

Once the court orders arbitration under the Convention, the parties may seek a stay of the litigation under 9 U.S.C. § 3, a provision of the domestic FAA.[103] A stay of the proceeding is

---

[99] *Id.*

[100] Rec. Doc. 8 at 20.

[101] *See Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. 20-102, 2021 WL 359735, at *16 (M.D. La. Feb. 2, 2021); *See Bhandara Family Living Tr. v. Underwriters at Lloyd's, London*, No. 19-968, 2020 WL 1482559, at *4 (S.D. Tex. Feb. 20, 2020) ("Plaintiff identifies no reason why its objection to the application of New York law … cannot be made to the arbitrator.").

[102] *Adam Techs. Int'l S.A. de C.V. v. Sutherland Glob. Servs., Inc.*, 729 F.3d 443, 452 (5th Cir. 2013).

[103] *Todd v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd.*, 601 F.3d 329, 332 (5th Cir. 2010).

mandatory "when a party demonstrates that any issue involved in the lawsuit is referable to arbitration under an agreement in writing for such arbitration."[104] Thus, when a valid arbitration agreement governs, the court may not deny a stay.[105] As such, the Court grants Defendants' request to stay these proceedings.

### V. Conclusion

In sum, Defendants have established the existence of a valid arbitration agreement subject to the Convention that Plaintiff has not shown to be null and void, inoperative, or incapable of being performed. Thus, the Court is obliged to compel arbitration and stay these proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Arbitration and Stay Proceedings is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter is **STAYED AND ADMINISTRATIVELY CLOSED** pending arbitration.

**NEW ORLEANS, LOUISIANA**, this  19th  day of January, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[104] *Broussard v. First Tower Loan, LLC*, 150 F. Supp. 3d 709, 726 (E.D. La. 2015).

[105] *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).