UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GENERAL MILL SUPPLIES, INC.** | * | **CIVIL ACTION NO.: 2:23-cv-6464** |
| | * | |
| VS. | * | **JUDGE:** |
| | * | **NANNETTE JOLIVETTE BROWN** |
| **UNDERWRITERS AT LLOYD'S, LONDON;** | * | |
| et al; | * | **MAG. JUDGE:** |
| | * | **KAREN WELLS ROBY** |

## SUPPLEMENTAL MEMORANDUM
## IN OPPOSITION TO
## MOTION TO LIFT STAY AS TO DOMESTIC CARRIERS

**MAY IT PLEASE THE COURT:**

Defendants file this Supplemental Memorandum to inform the Court of Judge Morgan's March 10, 2025 decision denying a plaintiff's Motion to Lift Stay in the matter of *Parish of Lafourche v. Indian Harbor Insurance Company, et al,* E.D. La. Docket No. 23-3472 (Exhibit "A"). Judge Morgan's Order and Reasons are directly relevant to our Plaintiff's pending Motion to Lift Stay As To Domestic Carriers (Doc.18) in the above captioned matter.

*Parish of Lafourche* involved substantially the same insurer Defendants, foreign and domestic, as those involved in the present matter. The insurance policy at issue in *Parish of Lafourche* included the same arbitration clause as in the subject case. Judge Morgan had granted the Defendants' Motion to Compel Arbitration and stayed the litigation pending the conclusion of the arbitration, just as this Honorable Court did on January 19, 2024 (Doc. 13). As the present Plaintiff does, the *Parish of Lafourche* plaintiff relied upon the Louisiana Supreme Court's decision in *Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 2024-00449 (La. 10/25/24); 395 So. 3d 717, and prayed that Judge Morgan lift the stay and allow the plaintiff to proceed with litigation against the domestic insurer Defendants.

Judge Morgan's analysis in denying the plaintiff's Motion to Lift Stay substantially agrees with Defendants' arguments in the present matter. Judge Morgan held that *Bufkin Enterprises, LLC v. Indian Harbor Ins. Co.*, 96 F.4th 726 (5th Cir. 2024) was binding upon her, while *Police Jury* was not. Because the *Parish of Lafourche* plaintiff had alleged the interrelated misconduct of the foreign and domestic insurer defendants, just as the present Plaintiff alleges, Judge Morgan held that *Bufkin* mandated application of equitable estoppel in favor of the domestic carriers, pursuant to *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524, 530-31 (5th Cir. 2000). Judge Morgan correctly held that this equitable estoppel arose under *federal common law, not state law:*

> *Bufkin* instructs district courts to apply federal common law equitable estoppel to compel domestic insurers to arbitrate, even when the domestic insurers are nonsignatories to an agreement with foreign insurers. *Bufkin* and *Grigson* continue to be good law in the Fifth Circuit, and "[a] district court must apply circuit precedent unless that precedent has been overruled." As a result, the Court will apply federal common law principles of equitable estoppel to determine arbitrability in this case.

Exhibit "A" at p. 9.

Judge Morgan also applied the United States Supreme Court's test for determining whether state or federal common law applies, as articulated in *Boyle v. United Technologies Corporation* 487 U.S. 500 (1988). Matters arising under the Convention constitute a uniquely federal interest to which federal common law must be applied:

> While it is true the Louisiana Supreme Court in *Police Jury* disagreed with the Fifth Circuit's application of federal common law estoppel in *Bufkin*, this Court is not bound by *Police Jury* on matters of federal common law. Given the uniquely federal interest apparent in matters subject to the Convention and no intervening Fifth Circuit decision, the Court remains bound by the Fifth Circuit's application of "*Grigson* estoppel" under the Convention in *Bufkin*.

Exhibit "A" at 15.

Judge Morgan disagreed with Judge Fallon's decision in *Certain Underwriters at Lloyd's London v. Belmont Commons LLC*, and also disagreed with Judge Fallon's conclusion that the Supreme Court, in *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 140 S. Ct. 1637, 207 L. Ed. 2d 1 (2020), mandated the application of state law in Convention cases. To the contrary, Judge Morgan held that the Supreme Court had explicitly stated otherwise:

> …[T]he Supreme Court specifically concluded, '[w]e hold only that the New York Convention does not conflict with the enforcement of arbitration agreements by non-signatories under domestic-law equitable estoppel doctrines.' The Supreme Court 'did not determine whether *GE Energy* could enforce the arbitration clauses under principles of equitable estoppel *or which body of law governs that determination*.' As a result, this Court is unpersuaded that *GE Energy* dictates the conclusion that Louisiana law governs the applicable principles of equitable estoppel. This Court finds that *Police Jury* is not an intervening change in the law in this case.

Exhibit "A" at p. 17 (*citing*, *Setty v. Shrinivas Sugandhalaya LLP,* 3 F.4th 1166, 1168 (9th Cir. 2021)).

Judge Morgan's ruling reflects a well-reasoned analysis of the current controlling federal law regarding Convention arbitration and equitable estoppel. Defendants request that this Court apply a similar analysis to deny the pending Motion to Lift Stay as to Domestic Carriers, and to order that the arbitration in this matter proceed as to both the foreign and domestic Defendants.

    Respectfully submitted,

    ADAMS HOEFER HOLWADEL, LLC

    /s/ Phillip J. Rew
    **BRUCE R. HOEFER, JR. (#6889)**
    Email: brh@ahhelaw.com
    **D. RUSSELL HOLWADEL (#16975) T.A.**
    Email: drh@ahhelaw.com
    **PHILLIP J. REW (#25843)**
    Email: pjr@ahhelaw.com

        400 Poydras Street, Suite 2450
        New Orleans, Louisiana 70130
        Telephone:   (504) 581-2606
        Facsimile:    (504) 525-1488

***Attorneys for all insurers subscribing to Account Policy No. 829918: Certain Underwriters at Lloyd's, London, severally subscribing to Certificate No. AMR-63283-03, Indian Harbor Insurance Company, Lexington Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, United Specialty Insurance Company, General Security Indemnity of Arizona, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company***

## **CERTIFICATE OF SERVICE**

I certify that on this 11th day of March, 2025, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

        */s/ Phillip J. Rew*
        **PHILLIP J. REW**